IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN BAKER, a Washington resident.<br><br>Plaintiff,<br><br>vs.<br><br>TEQUILA SUNRISE HOLDINGS, LLC, a Washington Limited Liability Company,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff, Brian Baker, by and through his attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.   OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. A restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7), and its implementing regulation, 28 C.F.R. §36.104.

3. Over 27 years after the passage of the Americans with Disabilities Act, Defendant

Complaint for Declaratory and Injunctive Relief
**Page 1 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

discriminates against individuals with disabilities because Defendant leases a property to places of public accommodation that does not comply with ADA accessibility laws and regulations that were enacted into law to protect persons with mobility disabilities.

4. Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant TEQUILA SUNRISE HOLDINGS, LLC against persons with mobility disabilities.

## II.   PARTIES

5. Plaintiff, Brian Baker, is a Washington resident and resides in this district.

6. Mr. Baker is unable to walk and is thus a a qualified person with a disability.

7. Mr. Baker uses a wheelchair and a vehicle for transportation and requires accessible parking to patronize the Herfy's Burgers at Defendant's property at 8460 164th Ave NE #120, Redmond, WA 98052.

8. TEQUILA SUNRISE HOLDINGS, LLC is a Washington limited liability company.

9. The address for the registered agent for TEQUILA SUNRISE HOLDINGS, LLC, Daniel Shin, is 10900 NE 4th St. Ste 1500, Bellevue, WA 98004.

## III.   JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

Complaint for Declaratory and Injunctive Relief
**Page 2 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

United States.

11. This court has jurisdiction pursuant to 28 U.S.C. §1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12. This court has jurisdiction pursuant to 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

13. Venue is appropriate in this judicial district under 28 U.S.C. §1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

## IV.   FACTUAL ALLEGATIONS

14. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

15. The ADA prohibits public accommodations from providing individuals with disabilities with separate or unequal benefits and services.

16. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

17. Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination,

Complaint for Declaratory and Injunctive Relief
**Page 3 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

18. Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." *Id.*

19. Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." *Id.*

20. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

21. Mr. Baker is a qualified individual with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

Complaint for Declaratory and Injunctive Relief
Page 4 of 12

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

**Plaintiff**

22. Mr. Baker is a Redmond, Washington resident.

23. Mr. Baker is unable to walk and is thus a qualified person with a disability.

24. Mr. Baker travels throughout Redmond on a regular basis.

25. Mr. Baker recently patronized the property in question on several occasions in 2018.

26. Mr. Baker most recently patronized the property in September 2018.

27. Mr. Baker plans to return to the property in question once the alleged accessibility barriers are addressed.

**Defendant's Property**

28. Mr. Baker patronized the Herfy's Burgers on Defendant's property located at 8460 164th Ave NE #120, Redmond, WA 98052.

29. Mr. Baker used his wheelchair and vehicle, albeit at personal risk due to existing accessibility barriers.

30. Mr. Baker does not feel safe accessing the property as is due to the current accessibility barriers.

31. The barriers Mr. Baker encountered include an incompletely designated accessible parking spot, bushes and landscaping encroaching into the designated accessible parking spot, an impropery sized acessible parking spot, and a steep, unsafe and noncompiant accessible route up to the business entrance.

Complaint for Declaratory and Injunctive Relief
**Page 5 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

32. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) 2010 ADA Standards for Accessible Design (2010 Standards).

33. The 1991 Standards Defendant's property violates include, but are not limited to: 4.3 (Accessible Route), 4.6.5 (Vertical Clearance), 4.6.6 (Passenger Loading Zones), 4.7 (Curb Ramps) and 4.8 (Ramps).

34. The 2010 Standards Defendant's property violates include, but are not limited to: 206 (Accessible Routes), 406 (Curb Ramps), 502.2 (Vehicle Spaces), 502.3 (Access Aisle), 502.5 (Vertical Clearance), 502.6 (Identification), and 503 (Passenger Loading Zones).

35. Mr. Baker requires compliant accessible parking in order to safely patronize the tenant of Defendant's property using his vehicle and wheelchair.

36. Mr. Baker requires a compliant accessible route in order to safely patronize the tenant of Defendant's property using his vehicle and wheelchair.

37. Mr. Baker's attorney, Michael Terasaki of Washington Civil & Disability Advocate, provided voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter dated September 14th, 2018.

38. Mr. Baker's attorney, Michael Terasaki of Washington Civil & Disability Advocate, attempted to settle this matter without lawsuit by emails and phone calls to Daniel Shin on September 18th, 19th, and 20th.

39. As of the filing of this complaint no settlement agreement has been able to be reached.

Complaint for Declaratory and Injunctive Relief
**Page 6 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

40. As of the filing of this complaint no alterations have been made to address these alleged accessibility barriers.

41. Defendant's property is not safe for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

42. Defendant's property is not welcoming to people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

43. The failure of TEQUILA SUNRISE HOLDINGS, LLC to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment.

## V.    FIRST CAUSE OF ACTION

44. Mr. Baker incorporates by reference the allegations in the paragraphs above.

45. Mr. Baker is unable to walk and is thus a qualified individual with a disability within the meaning of Title III of the ADA.

46. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Complaint for Declaratory and Injunctive Relief
Page 7 of 12

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

47. Defendant, TEQUILA SUNRISE HOLDINGS, LLC, owns or leases the property where the Herfy's Burgers tenant is located.

48. Defendant's tenant is a place of public accommodation. 42 U.S.C. § 12181(7)(B).

49. Defendant has discriminated against Plaintiff on the basis of his disability.

50. Defendant's discriminatory conduct includes but is not limited to:

   a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

   d. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

   e. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

51. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

52. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Baker, and the harm continues.

53. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to declaratory and injunctive relief. 42 U.S.C. § 12188.

54. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Baker to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.    SECOND CAUSE OF ACTION

### Violation of the Washington Law Against Discrimination

**(R.C.W. §§ 49.60.010 et seq.)**

55. Plaintiff, Mr. Baker incorporates by reference the allegations in the paragraphs above.

56. Mr. Baker is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

57. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The

Complaint for Declaratory and Injunctive Relief
Page 9 of 12

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

58. Defendant, TEQUILA SUNRISE HOLDINGS, LLC, leases out the property at 8460 164th Ave NE, Redmond, WA 98052.

59. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

60. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

61. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Baker has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

62. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Baker the full and equal enjoyment of services that the

Complaint for Declaratory and Injunctive Relief
**Page 10 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

Washington Law Against Discrimination requires.

63. Mr. Baker has a clear legal right to access the tenants of Defendant's property under the Washington Law Against Discrimination.

64. Mr. Baker has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

65. Defendant's property does not comply with the ADA's accessibility laws and regulations.

66. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

67. Pursuant to RCW § 49.60.030(2), Mr. Baker is entitled to declaratory and injunctive relief and to recover from Defendants his reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Mr. Baker respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant TEQUILA SUNRISE HOLDINGS, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because

Complaint for Declaratory and Injunctive Relief
**Page 11 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134

Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Baker reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Baker for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 21st day of September, 2018

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

/S/ MICHAEL TERASAKI
Michael Terasaki
WSBA#51923

By: _____
Conrad Reynoldson
WSB# 48187

Complaint for Declaratory and Injunctive Relief
**Page 12 of 12**

Conrad A. Reynoldson
WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 855-3134